The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion on the following question:
 Is it legal for a person who has made a 911 call to publish the actual recording of the call on the Internet?
RESPONSE
It is my opinion that the answer to this question is, generally, "yes,"under state law. Questions may arise, however, under federal law under the particular facts presented. Additionally, publication of the recording may implicate private civil claims. I am thus unable to formulate a conclusive response to this question in the limited format of an opinion from this office.
According to correspondence attached to your request, this question is asked with regard to a particular factual scenario involving a 911 recording that was obtained under the Arkansas Freedom of Information Act ("FOIA") by the citizen who made the 911 call. It is stated that the 911 recording also contains "background noise and conversation . . . in addition to the emergency calls."
According to my review, there is no state law specifically addressing the release of tape recordings of 911 calls. The requirement that 911 calls be recorded is found at A.C.A. § 12-10-310 (Repl. 1995), which is part of the Arkansas Public Safety Communications Act of 1985. This act does not require that 911 recordings be released or otherwise address the release of such recordings. This office has previously concluded, however, that the recorded calls of a publicly supported 911 communications center constitute "public records" for purposes of the FOIA. See, e.g., Op. Att'y Gen. 90-236. In the absence of an exemption, therefore, 911 recordings will generally be open to public inspection and copying. See
Op. Att'y Gen. 94-100. Presumably, the person who made the 911 call in this instance and who seeks to publish it on the Internet lawfully obtained the recording under the Arkansas FOIA.
I have found no state law that would prohibit the publication of such a legally obtained recording. Depending upon the contents of the so-called "background . . . conversation," it is conceivable that publication of this part of the recording would be objectionable, giving rise to a potential private cause of action. Publishing the 911 recording would not, however, be unlawful per se under state law.
I am uncertain, however, as to the possible applicability of federal law under the particular scenario you have outlined. If any other non-emergency related conversation was in fact intercepted by the 911 operator and the operator was not a party to such conversation, an issue might arise under the federal Omnibus Crime Control and Safe Streets Act of 1968, as amended, codified as 18 U.S.C.A. §§ 2510-2520. The act contains a prohibition against disclosing the contents of an illegally intercepted communication. 18 U.S.C.A. § 2511(1)(c). Whether this prohibition would apply to disclosure of the so-called "background conversation" noted in your request is an issue falling outside the scope of this opinion. I lack the resources and the authority to act as a factfinder, and I am not an authority on the federal law requirements. The person seeking to publish the recording in this instance may wish to contact either the U.S. Attorney's Office or the Federal Communications Commission to clarify this matter.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh